IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROCKFISH, INC., a Washington Corporation,<br><br>Plaintiff,<br><br>v.<br><br>UNIDENTIFIED WRECKED AND ABANDONED VESSEL, her engines, boilers, apparel, tackle, equipment, appurtenances and cargo, *in rem*,<br><br>Defendant. | IN ADMIRALTY<br><br>CASE NO.: 22-1659JLR<br><br>**JLR**<br>[~~PROPOSED~~] **ORDER DIRECTING ISSUANCE OF WARRANT OF ARREST PURSUANT TO SUPPLEMENTAL RULE C, ENJOINING COMPETING SALVAGE OPERATIONS, AND APPOINTING PLAINTIFF AS SUBSTITUTE CUSTODIAN** |

Having reviewed the Verified Complaint, plaintiff's Motion for Order Directing Issuance of Warrant of Arrest Pursuant to Supplemental Rule C, Enjoining Competing Salvage Operations, and Appointing Plaintiff as Substitute Custodian, along with all supporting documents, and the Court finding the conditions for an in rem action appear to exist and plaintiff is entitled to the requested relief:

**NOW, THEREFORE, IT IS HEREBY ORDERED AS FOLLOWS:**

1. A Warrant of Arrest in the form proposed by plaintiff shall be issued against the defendant Unidentified Wrecked and Abandoned Vessel and her engines, boilers, tackle,

[~~PROPOSED~~] ORDER AUTHORIZING
WARRANT OF ARREST, INJUNCTION, AND APPOINTMENT OF
SUBSTITUTE CUSTODIAN - 1

LAW OFFICES OF
**NICOLL BLACK & FEIG**
A PROFESSIONAL LIMITED LIABILITY COMPANY
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
TEL: 206-838-7555
FAX: 206-838-7515

equipment, appurtenances, and cargo (the "Vessel") and any artifacts recovered from the Vessel and currently in Plaintiff's possession.

2. The charges and expenses incurred by the U.S. Marshal shall be deemed *in custodia legis*, and will be paid from the proceeds of the Vessel's sale unless otherwise agreed. If a written objection is timely filed, payment of the disputed charges only shall be made after the objection is resolved by agreement of the parties or by Court Order. Payment of the undisputed charges shall not be affected;

3. Plaintiff shall agree to release and hold harmless, and indemnify the United States of America, the United States Marshal, their agents, servants, employees, and all others for whom they are responsible, from any and all liability or responsibility for claims arising from the arrest of the Vessel and any artifacts recovered from the Vessel;

4. Any person claiming an interest in the Vessel shall, upon application to the Court, be entitled to a prompt hearing pursuant to Supplemental Admiralty Rule E(4)(f) and LAR 116(b) at which the plaintiff shall be required to show why the arrest should not be vacated or other relied granted.

5. Plaintiff is appointed to act as substitute custodian of the Vessel and any artifacts recovered from the Vessel during *custodia legis* on behalf of this Court, in place and instead of the United States Marshal, until further order of the Court.

6. The Vessel and artifacts recovered from the Vessel have been or will be arrested by the United States Marshal. Immediately following arrest of the Vessel and artifacts recovered from the Vessel, the United States Marshal for this District shall transfer custody of the Vessel and artifacts to substitute custodian plaintiff Rockfish, Inc. Artifacts recovered from the Vessel shall remain in this district, except as provided for herein or as further ordered by the Court.

7. Plaintiff as substitute custodian, shall see to and be responsible for the safekeeping of the Vessel and any artifacts recovered from the Vessel.

8. In consideration of the U.S. Marshal's consent to the appointment of Plaintiff as

[~~PROPOSED~~] ORDER AUTHORIZING
WARRANT OF ARREST, INJUNCTION, AND APPOINTMENT OF
SUBSTITUTE CUSTODIAN - 2

LAW OFFICES OF
NICOLL BLACK & FEIG
A PROFESSIONAL LIMITED LIABILITY COMPANY
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
TEL: 206-838-7555
FAX: 206-838-7515

substitute custodian, Plaintiff agrees to release the United States and the U.S. Marshal from any and all liability and responsibility arising out of the care and custody of the Vessel and any artifacts recovered from the Vessel from the time the U.S. Marshal transfers custody of the Vessel and any artifacts recovered from the Vessel over to the substitute custodian, and Plaintiff further agrees to indemnify and hold the United States and the U.S. Marshal harmless from any and all claims whatsoever arising out of the substitute custodian's possession and safekeeping of the Vessel.

9. All reasonable expenses of the United States Marshal shall be administrative expenses in this action and a first charge to the Vessel herein, to be paid to the Marshal prior to the release of the Vessel or distribution of the proceeds of its sale.

10. All reasonable expenditures which may be incurred by the Plaintiff as substitute custodian while the Vessel and artifacts recovered from the Vessel shall be administrative expenses in this action and a first charge on the Vessel, to be to be paid prior to the release of the Vessel or distribution of the proceeds of its sale.

11. Plaintiff is hereby granted the exclusive right to salvage the Vessel. Unless otherwise authorized by the Court, all other salvors are enjoined from engaging in salvage operations within the polygon bounded by the following coordinates (WGS 84 datum):

- **NW Corner of polygon**: 47.8781 latitude -125.2987 longitude
- **NE Corner of polygon**: 47.8229 latitude -125.1179 longitude
- **SE Corner of polygon**: 47.7398 latitude -125.1100 longitude
- **SW Corner of polygon**: 47.7949 latitude -125.2912 longitude

A graphic depiction of this polygon appears on the following page.

\\

\\

\\

\\

[PROPOSED] ORDER AUTHORIZING
WARRANT OF ARREST, INJUNCTION, AND APPOINTMENT OF
SUBSTITUTE CUSTODIAN - 3

LAW OFFICES OF
NICOLL BLACK & FEIG
A PROFESSIONAL LIMITED LIABILITY COMPANY
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
TEL: 206-838-7555
FAX: 206-838-7515



12. Unless extended by the Court, Plaintiff's exclusive right to salvage the Vessel and the above-described injunction against competing salvage operations shall lapse 12 months from the date of this Order. Plaintiff is permitted to seek extension of its exclusive salvage right and the injunction by motion. In order to obtain such extension, Plaintiff must demonstrate it's salvage efforts will be undertaken with due diligence, are ongoing, and clothed with some prospect of success, consistent with the principles set forth in Moyer v. Wrecked & Abandoned Vessel, known as Andrea Doria, 836 F. Supp. 1099, 1106 (D.N.J. 1993).

13. Within 90 days of the date of this order, Plaintiff shall submit to the Court a salvage plan. This salvage plan may be submitted under seal if the criteria for sealing are met.

14. Plaintiff shall promptly advise the Court of the recovery of any artifacts from the Vessel, and further advise the Court of the planned disposition of any such artifacts.

15. Within 90 days of the date of this order, and every 90 days thereafter unless otherwise ordered by the Court, Plaintiff shall provide the Court a status report describing the

[PROPOSED] ORDER AUTHORIZING
WARRANT OF ARREST, INJUNCTION, AND APPOINTMENT OF
SUBSTITUTE CUSTODIAN - 4

LAW OFFICES OF
NICOLL BLACK & FEIG
A PROFESSIONAL LIMITED LIABILITY COMPANY
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
TEL: 206-838-7555
FAX: 206-838-7515

status of Plaintiff's salvage operations. Such reports may be submitted under seal if the criteria for sealing are met.

16. Within 14 days of the date of this Order, Plaintiff shall publish notice of the arrest in the Seattle Daily Journal of Commerce and the Penninsula Daily News. The notice shall be in the following form:

> Pursuant to the Warrant of Arrest issued in the civil action captioned ROCKFISH, INC., V. UNIDENTIFIED WRECKED AND ABANDONED VESSEL, her engines, boilers, apparel, tackle, equipment, appurtenances and cargo, in rem, pending in United States District Court, Western District of Washington at Seattle, Case No. _____, the United States District Court for the Western District of Washington has on the ___ day of _____, 2022 taken into its possession the unidentified wrecked and abandoned vessel, currently believed to be S.S. PACIFIC, lost at sea off the coast of Washington on or about November 4, 1875, located within a polygon bounded by the following coordinates (WGS 84 datum):
>
> - **NW Corner of polygon**: 47.8781 latitude -125.2987 longitude
> - **NE Corner of polygon**: 47.8229 latitude -125.1179 longitude
> - **SE Corner of polygon**: 47.7398 latitude -125.1100 longitude
> - **SW Corner of polygon**: 47.7949 latitude -125.2912 longitude
>
> All persons asserting a right of possession or any ownership interest in the above-referenced vessel, her engines, boilers, apparel, tackle, equipment, appurtenances and cargo must, in accordance with Rule C(6) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, file a verified statement of right or interest within 60 days of the date of publication of this notice, and must also file and serve and answer within 21 days of filing the statement of interest or right.
>
> Service on plaintiff's attorneys shall be made at:
>
> > Nicoll Black & Feig PLLC
> > Attn: Jeremy B. Jones
> > 1325 Fourth Ave., Suite 1650
> > Seattle, WA 98101
>
> Plaintiff Rockfish, Inc., has been granted the exclusive right to conduct salvage operations involving the above-referenced vessel, her engines, boilers, apparel, tackle, equipment, appurtenances and cargo. Unless otherwise authorized by the Court, salvage operations are expressly prohibited within the boundaries of the polygon described above.

17. Plaintiff shall promptly (weather and ocean conditions permitting) place a copy of this Order and the Warrant of Arrest in an appropriate sealed container anchored in close proximity to the wreck of the Vessel. To the extent practical, the sealed container shall be placed

[~~PROPOSED~~] ORDER AUTHORIZING
WARRANT OF ARREST, INJUNCTION, AND APPOINTMENT OF
SUBSTITUTE CUSTODIAN - 5

LAW OFFICES OF
NICOLL BLACK & FEIG
A PROFESSIONAL LIMITED LIABILITY COMPANY
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
TEL: 206-838-7555
FAX: 206-838-7515

1 | in a manner and location best suited to provide notice of the arrest and injunction to persons or
2 | entities attempting to salvage the Vessel or any portion thereof.
3 | DATED this 23rd day of November 2022.

_____
UNITED STATES DISTRICT COURT JUDGE

Presented by:
NICOLL BLACK & FEIG PLLC

_____
Jeremy B. Jones, WSBA No. 44138
*Attorneys for Plaintiff*

[PROPOSED] ORDER AUTHORIZING
WARRANT OF ARREST, INJUNCTION, AND APPOINTMENT OF
SUBSTITUTE CUSTODIAN - 6

LAW OFFICES OF
**NICOLL BLACK & FEIG**
A PROFESSIONAL LIMITED LIABILITY COMPANY
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
TEL: 206-838-7555
FAX: 206-838-7515