**THE HONORABLE JAMES L. ROBART**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROCKFISH, INC., a Washington Corporation,<br><br>Plaintiff,<br><br>v.<br><br>UNIDENTIFIED WRECKED AND ABANDONED VESSEL, her engines, boilers, apparel, tackle, equipment, appurtenances and cargo, *in rem*,<br><br>Defendant. | IN ADMIRALTY<br><br>CASE NO.: 22-cv-1659-JLR<br><br>**MOTION FOR DEFAULT JUDGMENT**<br><br>NOTE ON MOTION CALENDAR:<br><br>**May 5, 2023** |

Plaintiff Rockfish, Inc. ("Rockfish"), pursuant to Fed. R. Civ. P. 55 and LCR 55, respectfully requests the Court enter default judgment in this matter against all claimants who are in default and have not yet asserted claims in this action.

**I.    RELEVANT FACTS**

On February 8, 2023, the Clerk entered default against all claimants who had not appeared or timely filed claims in this action. Order of Default (Dkt. #38).

\\

\\

MOTION FOR DEFAULT JUDGMENT - 1
CASE NO.: 22-cv-1659-JLR

LAW OFFICES OF
NICOLL BLACK & FEIG
A PROFESSIONAL LIMITED LIABILITY COMPANY
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
TEL: 206-838-7555

## II. AUTHORITY AND ARGUMENT

### A. Applicable Standards.

Fed. R. Civ. P. 55(b) provides:

**(b) Entering a Default Judgment.**

> (1) *By the Clerk.* If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
>
> (2) *By the Court.* In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:
>
> (A) conduct an accounting;
>
> (B) determine the amount of damages;
>
> (C) establish the truth of any allegation by evidence; or
>
> (D) investigate any other matter.

LCR 55(b) provides:

**(b) Judgment on Default**

> (1) *No Default Judgment Absent a Default.* No motion for judgment by default should be filed against any party unless the court has previously granted a motion for default against that party pursuant to LCR 55(a) or unless default otherwise has been entered.
>
> (2) *Supporting Evidence Required.* Plaintiff must support a motion for default judgment with a declaration and other evidence establishing plaintiff's entitlement to a sum certain and to any nonmonetary relief sought.

MOTION FOR DEFAULT JUDGMENT - 2
CASE NO.: 22-cv-1659-JLR

LAW OFFICES OF
NICOLL BLACK & FEIG
A PROFESSIONAL LIMITED LIABILITY COMPANY
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
TEL: 206-838-7555

(A) Plaintiff shall provide a concise explanation of how all amounts were calculated, and shall support this explanation with evidence establishing the entitlement to and amount of the principal claim, and, if applicable, any liquidated damages, interest, attorney's fees, or other amounts sought. If the claim is based on a contract, plaintiff shall provide the court with a copy of the contract and cite the relevant provisions.

(B) If plaintiff is seeking interest and claims that an interest rate other than that provided by 28 U.S.C. § 1961 applies, plaintiff shall state the rate and the reasons for applying it. For prejudgment interest, plaintiff shall state the date on which prejudgment interest began to accrue and the basis for selecting that date.

(C) If plaintiff seeks attorney's fees, plaintiff must state the basis for an award of fees and include a declaration from plaintiff's counsel establishing the reasonable amount of fees to be awarded, including, if applicable, counsel's hourly rate, the number of hours worked, and the tasks performed.

(3) By the Clerk. The clerk may not enter judgment by default in the case of a defaulting party who has entered an appearance, or who is an infant or incompetent, or who is or may be in the military service. In addition, a claim for "reasonable attorney's fees" is not for a sum certain under Fed. R. Civ. P. 55(b)(1) unless the complaint states the amount of fees sought. Motions to have the clerk enter a default judgment shall be noted in accordance with LCR 7(d)(1). A motion for entry of default judgment by the clerk need not be served on the defaulting party.

(4) By the Court. In all other cases, including instances where a defaulting party has entered an appearance, is an infant or incompetent, or is or may be in the military service, a motion for entry of a judgment by default must be addressed to the court. If there has been no appearance in the action by the defaulting party, the motion shall be noted in accordance with LCR 7(d)(1), but it need not be served on the defaulting party and notice of the motion need not be given to the defaulting party. If the defaulting party has appeared, the motion shall be noted in accordance with LCR 7(d)(3), and service of all papers filed in support of the motion must be made at the defaulting party's address of record and shall also be served by electronic means if available. In the absence of an address of record, service shall be made at the defaulting party's last known address and shall also be served by electronic means if available. The court may conduct such hearing or inquiry upon a motion for entry of judgment by default as it deems necessary under the circumstances of the particular case.

MOTION FOR DEFAULT JUDGMENT - 3
CASE NO.: 22-cv-1659-JLR

LAW OFFICES OF
NICOLL BLACK & FEIG
A PROFESSIONAL LIMITED LIABILITY COMPANY
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
TEL: 206-838-7555

LAR 130 provides:

**(a) Notice Required**  A party seeking a judgment, default or otherwise, in an action in rem must show to the satisfaction of the court that due notice of the action and arrest of the property has been given:

    (1) By publication, as required in Rule 125;

    (2) By service on the master or other person having custody of the property, if any such person can be found;

    (3) By delivery, to every other person who has not appeared in the action and is known to have an interest in the property. The party seeking a judgment may be excused for failing to give notice to such "other person" upon a showing to the satisfaction of the court that diligent effort was made to give the notice, without success.

**(b) Persons with Recorded Interests**

    (1) If the defendant property is a vessel documented under the laws of the United States, plaintiff must obtain a current certificate of ownership from the Coast Guard and give notice to the persons named therein who appear to have an interest.

    (2) If the defendant property is a vessel numbered as provided in the Federal Boat Safety Act, plaintiff must obtain information from the issuing authority and give notice to the persons named in the records of such authority who appear to have an interest.

**(c) Manner of Giving Notice**  A required notice, other than by publication or other manner of service required by Local Admiralty Rule 130(a)(2), of the action and arrest of the property shall be given by delivering a copy of the complaint and warrant of arrest. The delivery may be made by personal service or by certified mail with return receipt requested to the last known address of the person to whom notice must be given.

**(d) Motion for Default Judgment**  Upon a showing that no one has appeared to claim the property and give security and that due notice of the action and arrest of property has been given, plaintiff may move for judgment at any time after the time for answer has expired. If no one has appeared, plaintiff may have an ex parte hearing and judgment without notice. If any person has appeared and does not join in the motion for judgment, such person shall be given seven days' notice of the motion.

\\

\\

MOTION FOR DEFAULT JUDGMENT - 4
CASE NO.: 22-cv-1659-JLR

LAW OFFICES OF
NICOLL BLACK & FEIG
A PROFESSIONAL LIMITED LIABILITY COMPANY
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
TEL: 206-838-7555

**B. Default Judgment Should Be Entered against All Parties in Default.**

1. <u>The Court Previously Entered Default: LCR 55(b)(1) Is Satisfied</u>.

The Court previously entered default against the parties against whom default judgment is sought. <u>See</u> Order of Default (Dkt. #38).

2. <u>Rockfish Published Notice: LAR 130(a)(1) Is Satisfied</u>.

Rockfish published notice of this action as required by LAR 125. <u>See</u> Affidavit of Publication (Dkt. #15); Affidavit of Publication (Dkt. #16).

3. <u>Rockfish Has Custody of the Property: LAR 130(a)(2) Is Satisfied</u>.

This action concerns the wreck of a vessel currently believed to be S.S. PACIFIC. First Am. Compl. (Dkt. #54) ¶ 3.2. The location of the wreck was unknown for 147 years until it was discovered by Rockfish in 2022, and the location of the wreck has not been publicly disclosed. In addition, Rockfish, pursuant to a series of assignments, is the successor in interest to the S.S. PACIFIC. <u>See</u> First Am. Compl. (Dkt. #54) ¶¶ 3.12-3.19. As a result, the only person or entity that has custody of the property is Rockfish. Thus, LAR 130(a)(2) is satisfied.

4. <u>Rockfish Provided Notice to Every Person Known to Have an Interest in the Property: LAR 130(a)(3) Is Satisfied</u>.

Rockfish's founders engaged in extensive investigation of the defendant Vessel and the facts surrounding her sinking. <u>See</u> First Am. Compl. (Dkt. #54) ¶ 3.3; Decl. of J. Hummel ¶¶ 3-4. In connection with these efforts, Rockfish's founders sought to determine the identity of persons and entities that may be successors in interest to the defendant Vessel. Hummel Decl. ¶¶ 3-4. In general terms, Rockfish believes there are essentially four categories of potential successors: (1) successors to the Goodall Nelson & Perkins Steamship Company, the entity that owned S.S. PACIFIC at the time the vessel sank; (2) successors to the passengers lost in the sinking; (3) subrogated hull insurers; and (4) subrogated cargo insurers. Hummel Decl. ¶ 5.

Rockfish believes the Pacific Coast Transport Co. and CertainTeed, LLC, are the successors in interest to Goodall Nelson & Perkins Steamship Company's interest in S.S.

MOTION FOR DEFAULT JUDGMENT - 5
CASE NO.: 22-cv-1659-JLR

LAW OFFICES OF
NICOLL BLACK & FEIG
A PROFESSIONAL LIMITED LIABILITY COMPANY
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
TEL: 206-838-7555

1  PACIFIC. Hummel Decl. ¶ 6. Rockfish contacted or arranged for others to contact
2  representatives of these entities and advised Rockfish had discovered a wreck believed to be
3  S.S. PACIFIC, and provided notice the wreck had been arrested. Hummel Decl. ¶¶ 7-8.
4  Those entities subsequently elected to assign their rights in S.S. PACIFIC to the Northwest
5  Shipwreck alliance, which in turn assigned those rights to Rockfish. First Am. Compl.
6  (Dkt. #54) ¶¶ 3.12-3.19. Based on that assignment, Rockfish is currently seeking a declaratory
7  judgment regarding, among other issues, the extent of Rockfish's rights of possession and
8  ownership in the defendant Vessel. Id. ¶¶ 7.1-7.3. Rockfish does not seek entry of judgment
9  against Pacific Coast Transport Co. or CertainTeed, LLC.

10  With respect to successors to the passengers lost in the sinking, Rockfish has been unable
11  to conclusively identify any such persons or entities. Hummel Decl. ¶ 9. This is due to the fact
12  147 years have elapsed since the sinking, limited records are available, and many of the
13  passengers were unmarried men without easily ascertainable heirs. Id.

14  With respect to subrogated insurers, Rockfish's research indicates that successors in
15  interest to subrogated hull and cargo insurers are most likely represented by Resolute
16  Management, Ltd. Hummel Decl. ¶ 10. Rockfish's counsel provided Martin Futter, Head of
17  Claims for Resolute Management, Ltd., notice of this action and the arrest of the defendant
18  Vessel. Id. Claimants London Market Insurers subsequently asserted a claim in this action.
19  See London Market Insurers' SAR C(6) Verified Statement of Interest in Insured Cargo
20  (Dkt. #29). In that claim, London Market Insurers allege Resolute Management Company acts
21  as agent for at least one of the subrogated cargo insurers. See id. ¶ 14. Rockfish has been unable
22  to independently verify London Marker Insurer's allegations.¶ 10. Based on the information
23  currently available to Rockfish, however, Rockfish believes the notice provided to Resolute
24  Management, Ltd., presents the best means of providing notice of the arrest to insurers who may
25  have an interest in the defendant Vessel. Id.

26

MOTION FOR DEFAULT JUDGMENT - 6
CASE NO.: 22-cv-1659-JLR

LAW OFFICES OF
NICOLL BLACK & FEIG
A PROFESSIONAL LIMITED LIABILITY COMPANY
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
TEL: 206-838-7555

Rockfish's research has not revealed any other persons or entities known to have an interested in the defendant Vessel. For the reasons set forth above, LAR 130(a)(3) is satisfied.

5.  <u>Vessel Documentation Is Not Available: LAR 130(b)(1) Is Satisfied</u>.

A search of the United States Coast Guard Port State Information Exchange does not reveal any entries for a vessel named "PACIFIC" or "S.S. PACIFIC" with a build year of 1850. <u>See</u> USCG Maritime Information Exchange, Port State Information Exchange, https://cgmix.uscg.mil/psix/psixsearch.aspx (last visited April 4, 2023). Additionally, undersigned counsel's other efforts to locate relevant documentation from other sources have not yielded results, presumably due to length of time that has passed since the loss of S.S. PACIFIC. Rockfish, however, has contacted all ascertainable successors in interest to S.S. PACIFIC's owners (see above). Because LAR 130(b)(1) appears intended to ensure interested parties have notice of the action and arrest, and Rockfish has made a diligent effort to locate such parties, Rockfish believes LAR 130(b)(1) is satisfied.

6.  <u>The Vessel Was Not Numbered: LAR 130(b)(2) Is Satisfied</u>.

The Federal Boat Safety Act was not enacted until nearly a century after the defendant Vessel sank. <u>See</u> Federal Boat Safety Act of 1971, Pub. L. No. 92-75, 85 Stat. 213. As a result, the defendant Vessel was not numbered as provided in the Act.

7.  <u>Rockfish Provided More Than Seven Days Notice: LAR 130(d) Is Satisfied</u>.

Rockfish noted this motion as a second Friday motion.

\\

\\

\\

\\

MOTION FOR DEFAULT JUDGMENT - 7
CASE NO.: 22-cv-1659-JLR

LAW OFFICES OF
**NICOLL BLACK & FEIG**
A PROFESSIONAL LIMITED LIABILITY COMPANY
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
TEL: 206-838-7555

### III. CONCLUSION

Rockfish respectfully requests the Court enter default judgment in this matter against all claimants who are in default and have not yet asserted claims in this action.

DATED this 20th of April, 2023.

NICOLL BLACK & FEIG PLLC

*/s/ Jeremy B. Jones*
Jeremy B. Jones, WSBA No. 44138
*Attorneys for Plaintiff*
I certify this memorandum contains 2176 words, in compliance with the Local Civil Rules

MOTION FOR DEFAULT JUDGMENT - 8
CASE NO.: 22-cv-1659-JLR

LAW OFFICES OF
NICOLL BLACK & FEIG
A PROFESSIONAL LIMITED LIABILITY COMPANY
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
TEL: 206-838-7555

# CERTIFICATE OF SERVICE

I hereby certify that on the date set forth below, I caused a true and correct copy of the foregoing document to be served upon the following as indicated below:

*Attorneys for Donald W. Foster*
Richard J. Davies, WSBA No. 25365
Marissa A. Olsson, WSBA No. 43488       ☒ USDC ECF
KRAFT DAVIES OLSSON, PLLC
1700 Seventh Avenue, Suite 2100
Seattle, Washington 98101
RJD@admiralty.com
MAO@admiralty.com

*Attorneys for London Market Insurers*
Katie Smith Matison, WSBA No. 20737
LANE POWELL PC                          ☒ USDC ECF
1420 Fifth Avenue, Suite 4200
Seattle, WA 98111
matisonk@lanepowell.com
osullivane@lanepowell.com

*Attorneys for the United States of America*
Kerry Keefe
UNITED STATES ATTORNEY'S OFFICE
1201 Pacific Avenue, Suite 700           ☒ USDC ECF
Tacoma, WA 98402
kerry.keefe@usdoj.gov

Eric Kaufman-Cohen
U.S. DEPARTMENT OF JUSTICE
450 Golden Gate Avenue, Room 7-5395
San Francisco, CA 94102-3463
eric.kaufman-cohen@usdoj.gov

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on April 20, 2023 at Seattle, Washington.

*/s/ Jeremy B. Jones*
Jeremy B. Jones, WSBA No. 44138

MOTION FOR DEFAULT JUDGMENT - 9
CASE NO.: 22-cv-1659-JLR

LAW OFFICES OF
NICOLL BLACK & FEIG
A PROFESSIONAL LIMITED LIABILITY COMPANY
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
TEL: 206-838-7555