1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROCKFISH, INC., | CASE NO. C22-1659JLR |
| Plaintiff, | ORDER |
| v. | |
| UNIDENTIFIED WRECKED AND ABANDONED VESSEL, | |
| Defendant. | |

## I. INTRODUCTION

Before the court is Plaintiff Rockfish, Inc.'s ("Rockfish") motion to extend its exclusive right to salvage Defendant Unidentified Wrecked and Abandoned Vessel (the "Vessel") until January 25, 2027. (Mot. (Dkt. # 125); Reply (Dkt. # 127).) No other parties or claimants have responded to the motion. (*See generally* Dkt.) The court considers the lack of a response as an admission that Rockfish's motion has merit. *See*

ORDER - 1

Local Rules W.D. Wash. LCR 7(b)(2).  Having reviewed Rockfish's submissions, the record, and the applicable law, and being fully advised,[1] the court GRANTS the motion.

## II.    BACKGROUND

The court discussed the background of this case in a prior order.  (*See* 2/12/25 Order (Dkt. # 116) at 2-8.)  The court does not repeat that discussion here except as is relevant, and the court relies upon the defined terms in its prior order.

On November 21, 2022, Rockfish filed suit under the court's admiralty jurisdiction seeking, in pertinent part, a maritime lien, a salvage award, and an injunction granting Rockfish exclusive salvage rights to the Vessel and preventing competing salvage operations.  (*See* Compl. (Dkt. # 1) ¶¶ 4.1-4.5, 6.1-6.4.)  On November 23, 2022, the court issued a warrant arresting artifacts that Rockfish had recovered from the Vessel and instructing the U.S. Marshal to arrest and take constructive possession of the Vessel. (Arrest Warrant (Dkt. # 7-1) at 1-2.)  The court also granted Rockfish exclusive rights to salvage the Vessel within designated coordinates for 12 months, and required Rockfish to submit a salvage plan, to advise the court if it recovers any additional artifacts, and to submit status reports every 90 days describing the status of its salvage operations.[2]  (11/23/22 Order (Dkt. # 7) at 3-5.)

On March 6, 2023, Rockfish filed a salvage plan that projected a four-year effort to investigate, excavate, and recover the Vessel in five phases.  (Salvage Plan (Dkt.

---

[1] Rockfish does not request oral argument (*see* Mot. at 1), and the court concludes that oral argument is not necessary to decide the motion.  *See* Local Rules W.D. Wash. LCR 7(b)(4).

[2] Rockfish continues to timely submit its periodic status reports.  (*See, e.g.*, 5/16/25 Status Report (Dkt. # 128); 2/18/25 Status Report (Dkt. # 117).)


## 47-1 (redacted), 48 (sealed)) at 8.)  Rockfish then amended its complaint, adding allegations and seeking four remedies:  (1) a maritime lien and salvage award; (2) alternatively, full possession under the law of finds; (3) exclusive salvor rights and an injunction against competing salvage operations; and (4) a declaratory judgment concerning Rockfish's ownership interests in the Vessel, cargo, and freight.  (Am. Compl. (Dkt. # 54) ¶¶ 4.1-7.3.)

On April 20, 2023, the court set a bench trial for April 21, 2025.  (4/20/23 Min. Order (Dkt. # 62).)  On December 22, 2023, the court entered a preliminary injunction granting Rockfish the exclusive right to salvage the Vessel and enjoining all other salvors from engaging in salvage operations within certain coordinates.  (12/22/23 Order (Dkt. # 78) at 1-2.)  The court stated that Rockfish's exclusive salvage right would lapse on April 21, 2025, but that Rockfish could seek an extension if it demonstrated that "its salvage efforts will be undertaken with due diligence, are ongoing, and [are] clothed with some prospect of success[.]"  (*Id.* at 2.)  On March 25, 2024, upon an unopposed motion filed by Rockfish (Mot. to Expand Injunction (Dkt. # 82)), the court expanded the geographic scope of the preliminary injunction.  (*See* 3/25/24 Order (Dkt. # 85).)

On March 14, 2025, after Rockfish moved to continue the trial date (Mot. to Continue (Dkt. # 118)), the court vacated its April 20, 2023 order setting the trial date in this matter and, in relevant part, reset the trial date for January 25, 2027 (3/14/25 Order (Dkt. # 123)).

On April 16, 2025, before the lapse of the permanent injunction, Rockfish moved to extend the duration of the permanent injunction to the same day as the current trial

1  date:  January 25, 2027.  (Mot.)  This motion has been fully briefed and is ripe for
2  consideration.  (*See* Mot.; Reply.)

### III. DISCUSSION

A salvor does not automatically acquire rights to a wreck in perpetuity, *see Martha's Vineyard Scuba Headquarters, Inc. v. Unidentified, Wrecked and Abandoned Steam Vessel,* 833 F.2d 1059, 1061 (1st Cir. 1987), but instead must remain "ready, willing and able to complete the salvage project" to justify continuing exclusive rights. *Treasure Salvors, Inc. v. Unidentified Wrecked and Abandoned Sailing Vessel*, 640 F.2d 560, 567 (5th Cir. 1981); *see also MDM Salvage, Inc. v. Unidentified, Wrecked and Abandoned Sailing Vessel*, 631 F. Supp. 308, 312 (S.D. Fla. 1986) ("To enjoy the continued right to exclusive possession and protection from interference of rival salvors, a salvor must exercise due diligence and must be capable of actually saving the property.")  Where a court has already issued an initial arrest order as to a vessel, and a preliminary injunction to protect salvage operations is under consideration, an issuance or extension of the preliminary injunction requires a showing that the salvor's efforts are "(1) undertaken with due diligence, (2) ongoing, and (3) clothed with some prospect of success." *See Moyer v. Wrecked and Abandoned Vessel*, 836 F. Supp. 1099, 1106 (D.N.J. 1993) (quoting *Martha's Vineyard,* 833 F.2d at 1061).

The court concludes that Rockfish has established the required elements to obtain an extension of the preliminary injunction.  First, Rockfish has amply demonstrated that it has undertaken ongoing salvage operations with due diligence.  Rockfish's regular status reports detail its efforts to test and equip necessary expeditionary equipment and

return to the site of the Vessel, with a planned expedition scheduled for summer 2025. (*See, e.g.*, 5/16/25 Status Report (Dkt. # 128) at 1; 11/19/24 Status Report (Dkt. # 102) at 2.)

Second, Rockfish's efforts to salvage the Vessel are ongoing. Rockfish and its personnel visited the site of the Vessel in March 2024, and continue to make investments in equipment and additional personnel for Rockfish's planned return to the site. (*See* Hummel Decl. (Dkt. # 126) ¶¶ 4-8.) Most recently, Rockfish acquired and tested a gradiometer, and it continues to construct a remotely operated vehicle equipped with appropriate detection and processing equipment to explore and salvage the Vessel. (*Id.*)

Third, from Rockfish's substantial efforts, the court concludes that Rockfish's efforts remain clothed with some prospect of success. Accordingly, the record supports extending the preliminary injunction to protect Rockfish's exclusive rights up to and including the scheduled January 25, 2027 trial date.

The court, however, is concerned with the pace of Rockfish's salvage efforts. In Rockfish's original salvage plan, submitted in 2023, Rockfish projected that salvage efforts would take four years and proceed in four discrete phases. (*See* Salvage Plan at 8.) Phase 1 involves examining and documenting the site, and phase 2 concerns recovering artifacts from the debris field surrounding the site. (*Id.*) Phases 3 and 4 focus on disassembling the Vessel itself and recovering artifacts from within. (*Id.*) Rockfish reports that, although more than two years have passed since it submitted the salvage plan, it is still in phase 1 of its salvage efforts and has not yet recovered additional artifacts from the site. (*See, e.g.*, Mot. to Continue at 2 (representing, in February 2025,

that "the only artifacts recovered from the wreck remain the fire brick and piece of wood that the [c]ourt previously arrested" at the outset of this case); 5/16/25 Status Report at 1 (noting that "inclement weather for the past 90 days" delayed Rockfish's planned expedition to the site).)

Accordingly, although the court will grant Rockfish's requested extension, the court cautions that it will not grant further extensions absent a showing by Rockfish of some tangible progress in its salvage efforts. Further, the court orders Rockfish to update its salvage plan.

### IV. CONCLUSION

For the foregoing reasons, the court GRANTS Rockfish's motion to extend its exclusive right to salvage the Vessel (Dkt. # 125), and ORDERS as follows:

(1) Rockfish is ORDERED to submit an updated salvage plan, with estimated timelines for the phases of its salvage operation, by **November 7, 2025.**

(2) Rockfish is GRANTED the exclusive right to salvage the Vessel. Unless otherwise authorized by the court, all other salvors are ENJOINED from engaging in salvage operations within the polygon bounded by the following coordinates (WGS 84 datum):

- **NW 1 Corner of polygon:**  47.9039 latitude -125.3831 longitude
- **NW 2 Corner of polygon:**  47.8128 latitude -125.3883 longitude
- **SW 1 Corner of polygon:**  47.7635 latitude -125.2510 longitude
- **SW 2 Corner of polygon:**  47.7052 latitude -125.2390 longitude
- **NE Corner of polygon:**  47.8229 latitude -125.1179 longitude
- **SE 2 Corner of polygon:**  47.7140 latitude -125.1076 longitude

A graphic depiction of this polygon follows:



Unless extended by the court, Rockfish's exclusive right to salvage the Vessel and the above-described injunction against competing salvage operations shall lapse on **January 25, 2027**.

(3) Rockfish is AUTHORIZED to seek extension of its exclusive salvage right and the preliminary injunction. To do so, Rockfish must (1) submit an updated salvage plan with its motion, and (2) demonstrate that its salvage efforts will be undertaken with due diligence, are ongoing, and are clothed with some prospect of success, consistent with the principles set forth in *Moyer v. Wrecked & Abandoned Vessel*, 836 F. Supp. 1099, 1106 (D.N.J. 1993).

Dated this 13th day of June, 2025.

JAMES L. ROBART
United States District Judge