UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROCKFISH, INC., | CASE NO. C22-1659JLR |
| Plaintiff, | ORDER |
| v. | |
| UNIDENTIFIED WRECKED AND ABANDONED VESSEL, | |
| Defendant. | |

## I.   INTRODUCTION

Before the court are (1) Plaintiff Rockfish, Inc.'s ("Rockfish") motion to dismiss the claims of *pro se* Claimants Nancy Spencer and Robert Manley ("Claimants") (MTD (Dkt. # 133)) and (2) Claimants' motion to set aside default judgment (MSAJ (Dkt. # 134)). Each party opposes the other's motion. (MSAJ[1]; MSAJ Resp. (Dkt. # 137);

---

[1] Claimants respond to Rockfish's motion to dismiss their claims in their motion to set aside default judgment. (*See* MSAJ.)

ORDER - 1

Claimants' Sur-Reply (Dkt. # 143).)  The court has reviewed the parties' submissions, the relevant portions of the record, and the governing law.  Being fully advised, the court GRANTS Rockfish's motion to dismiss Claimants' claims and DENIES Claimants' motion to set aside default judgment.

## II.  BACKGROUND

The court discussed the background of this case in its prior orders and does not repeat that discussion here except as is relevant.  (*See* 2/12/25 Order (Dkt. # 116) at 2-8; 6/13/25 Order (Dkt. # 129) at 2-4.)  On May 17, 2023, the court entered default judgment with prejudice in favor of Rockfish and against all claimants who were in default and had not yet asserted claims in the action.  (5/17/23 Order (Dkt. # 65) (citing Rockfish's Proposed Default Judgment Order (Dkt. # 63-2).)  More than two years later, on August 22, 2025, Ms. Spencer filed a letter with the court asserting, on behalf of herself and her brother Robert Manley, a third-party claim "for artifacts, assets and bodily remains" from the vessel.  (Claim (Dkt. # 131) at 1-2.)

On October 7, 2025, Rockfish filed the instant motion to dismiss asserting Claimants have presented no material basis that would warrant this court setting aside its order of default judgment.  (MTD at 4-5 (citing Fed. R. Civ. P. 60(b)).)  On October 27, 2025, Claimants jointly filed a competing Federal Rule of Civil Procedure 60(b) motion to set aside the court's May 17, 2023 Order entering default judgment in favor of Rockfish.  (MSAJ.)  Claimants contend that the court should set aside final default judgment pursuant to Rules 60(b)(4), (5), and (6) because:  (1) Rockfish failed to provide Claimants actual notice of arrest of the vessel; (2) the court lacks personal jurisdiction

over Claimants; and (3) Claimants' delay is the product of purported extraordinary circumstances. (*See* MSAJ at 6-15.)

On October 30, 2025, Rockfish moved for a status conference "to discuss motion practice and related issues regarding the claims of [Claimants]" and requested that the court re-note the pending motions. (MSC (Dkt. # 135); *see* 11/5/25 Min. Order (Dkt. # 139) (granting Rockfish's request for a status conference).) Claimants opposed Rockfish's request for a status conference and re-noting of the pending motions. (MSC Resp. (Dkt. # 142).) On November 18, 2025, the court held a hearing for the parties to address motions practice and the status of motions then pending before the court. (11/18/25 Min. Entry (Dkt. # 147).)

### III.  ANALYSIS

Rule 60(b) "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances[.]" *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). These circumstances are: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct by an opposing party; (4) a void judgment; (5) a judgment that has been satisfied, released, or discharged; and (6) any other reason justifying relief. Fed. R. Civ. P. 60(b); *see* Fed. R. Civ. P. 60(c) (governing the timing and effect of a Rule 60(b) motion). The burden of proof is on the party bringing the Rule 60(b) motion. *See Rufo v. Inmates of Suffolk Cnty. Jail*, 502 U.S. 367, 383 (1992). The court has reviewed the parties' motions and concludes that Rockfish has met its burden to show that none of these circumstances apply here and that the court's entry of default judgment should not

be set aside. Claimants allege in their motion that the court should set aside judgment pursuant to their Rule 60(b) arguments pertaining to personal jurisdiction; a lack of actual notice regarding Rockfish's alleged claim to the vessel; and Claimants' advanced age, health issues, and status as *pro se* litigants living in a state without an abundance of maritime attorneys. (*See, e.g.*, MSAJ at 6-10.) But none of these arguments are sufficient to set aside a validly entered judgment. *See* Fed. R. Civ. P. 60(b) (setting forth the only reasons the court is permitted to set aside a judgment).

First, this action is considered an *in rem* action because the suit is directed at specific property rather than a person, with the goal of determining the property's legal status and adjudicating rights to it for all potential claimants. *Hanson v. Denckla*, 357 U.S. 235, 246 (1958) ("The basis of the jurisdiction is the presence of the subject property within the territorial jurisdiction of the forum State.") (citing *Overby v. Gordon*, 177 U.S. 214, 221-22 (1900)); *Silk v. Bond*, 65 F.4th 445, 452 (9th Cir. 2023) ("An action is *in rem* when it determines interests in specific property as against the whole world."). Thus, this court can exercise control over the vessel regardless of whether a purported property owner has contacts with the forum. *United States v. Obaid*, 971 F.3d 1095, 1105 (9th Cir. 2020) (providing that the "minimum contacts requirement does not extend to *in rem* actions"). Because the court need not have personal jurisdiction over Claimants to adjudicate ownership of the vessel at issue, the court denies Claimants' motion to set aside judgment on those grounds.

Second, Claimants assert that they did not have actual notice of Rockfish's claims to the vessel. (MSAJ at 1-4, 8-9.) But actual notice to Claimants is not required for the

court to exercise *in rem* jurisdiction over the vessel and a lack thereof is not a valid reason to set aside the judgment. *Mennonite Bd. Of Missions v. Adams*, 462 U.S. 791, 796 n.3 (1983) (providing that for *in rem* proceedings "constructive notice to nonresidents was traditionally understood to satisfy the requirements of due process") (citing *Shaffer v. Heitner*, 433 U.S. 186, 196-205 (1977)). Furthermore, Claimants do not contest that Rockfish provided constructive notice as required or that such notice was materially deficient. (*See generally* MSAJ.) Because the court need not require actual notice to Claimants to exercise *in rem* jurisdiction and adjudicate ownership of the vessel at issue, the court denies Claimants' motion to set aside judgment on these grounds.

Finally, Claimants assert Rule 60(b)(6) "extraordinary circumstances" are present due to Claimants' advanced age; status as individuals with a variety of medical issues; and their location in a state with a limited availability of maritime attorneys. (MSAJ at 10.) To succeed on a Rule 60(b)(6) motion, Claimants "must demonstrate both injury and circumstances beyond [their] control that prevented [them] from proceeding with the action in a proper fashion." *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1103 (9th Cir. 2006) (internal quotation marks and alteration omitted). While the court is sympathetic to Claimants' circumstances, the reasons presented in their motion do constitute grounds for the court to set aside the judgment. The law requires that *pro se* litigants follow the same rules of procedure as parties represented by counsel. *Muñoz v. United States*, 28 F.4th 973, 978 (9th Cir. 2022) (internal citations omitted) ("[I]t is axiomatic that *pro se* litigants, whatever their ability level, are subject to the same procedural requirements as other litigants."). Because the court does not consider the

1  Claimants' advanced age, Claimants' medical status, or the limited availability of
2  maritime attorneys in Oklahoma to be extraordinary circumstances, the court denies
3  Claimants' motion to set aside judgment on these grounds.  *Latshaw*, 452 F.3d at 1103;
4  Fed. R. Civ. P. 60(b).  Therefore, the court grants Rockfish's motion to dismiss the
5  Claimants' claims.

## IV.  CONCLUSION

For the foregoing reasons, the court GRANTS Rockfish's motion to dismiss Claimants' claims (Dkt. # 133) and DENIES Claimants' motion to set aside default judgment (Dkt. # 134).

Dated this 21st day of November, 2025.

*[signature]*

JAMES L. ROBART
United States District Judge